## Spencer *versus* Kunkle.

1. Points not raised and passed upon in the court below, are not open for discussion in this court.

2. Where there were two leases, the first of coal mines, and the second of the miners' houses, on a certain tract, the last of which, by its express terms, was made part and parcel of the first, the two leases constitute but one entire demise.

3. Miners' houses are ordinary and proper appurtenants to coal mines, and when they are on the premises, and included in the lease, they constitute part of the estate, and all the remedies of landlord and tenant attach to them.

ERROR to the Court of Common Pleas of *Schuylkill county.*

*Parry,* for plaintiff in error.

The opinion of the court was delivered May 30, 1855, by

WOODWARD, J.—There was no question raised in the court below, as to the joinder of Gast with Anspach, in the distress, or as to the effect of the tender, and the court expressed no opinion on these points. They are not, consequently, open for discussion in a court of review, and may be laid out of the case.

The only question which remains is, whether the court were right in treating the leases as one entire demise, and holding the goods and chattels, or any part of the demised premises, liable for the rent of the houses, as well as for the rent of the coal mines. We think they were.

This was not the case of distinct and several demises, or of one demise of several distinct and separate tenements. The second lease is, by its express terms, made part and parcel of the first; and both, taken together, constitute a lease of certain veins of coal and miners' dwellings, on the Warrington tract of

land. The "*houses now on the premises*," and the six new houses "*upon said property*," are the expressions by which the instruments designate the dwellings; and in respect to them and the coal veins, it is expressly stipulated, that the parties shall stand in the relation of landlord and tenant, and that all laws relating to landlord and tenant shall be considered as extending to this lease and the *estate* created by it, particularly for the enforcing the payment of rent by distress, &c. Miners' houses are ordinary and proper appurtenants to coal mines, and when they are on the premises, and included in the lease of mines, they constitute part of the estate, and all the remedies of the landlord attach to them, even without the very express stipulation which is contained in this lease. Without such stipulation, the landlord's rights are beyond question.

It is of no importance that the rents for the coal veins and the houses were measurable by different standards. Both were certain and fixed, or easily reducible to certainty, and it is not pretended that the distress was made for more than was in arrear. We should violate the terms of the lease, if we denied to the landlord the right to enforce payment of the full arrears of their rent, out of any personal goods on the premises.

The judgment is affirmed.